Earl ROBINSON, Jr.,
Petitioner-Appellant,

v.

J.W. FAIRMAN, Warden,
Respondent-Appellee.

No. 81–1952.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 19, 1982.

Decided April 4, 1983.

Jerry B. Kurz, Hall & Kurz and Kathryn Hall, Chicago, Ill., for petitioner-appellant.

Jack Donatelli, Ill. Atty. Gen., Chicago, Ill., for respondent-appellee.

Before WOOD and ESCHBACH, Circuit Judges, and GORDON,* District Judge.

HARLINGTON WOOD, Jr., Circuit Judge.

Petitioner-Appellant Earl Robinson appeals from an order dismissing his second habeas corpus petition as an abuse of the writ under Rule 9(b), 28 U.S.C. fol. § 2254.[1]

## I.

Petitioner was convicted of first degree murder and is presently serving a term of fifty to one hundred years in the Illinois State Penitentiary. In July 1979, he filed a petition for a writ of habeas corpus in the United States District Court for the Central District of Illinois which was denied on its merits without an evidentiary hearing. *United States ex rel. Robinson v. Harvey,* No. 79–2052. Petitioner was represented by counsel and does not contend representation at that time was ineffective.

On October 20, 1980, petitioner filed a second petition pro se with the same court alleging grounds not raised in his first peti-

---

* The Honorable Myron L. Gordon, District Judge of the United States District Court for the Eastern District of Wisconsin, is sitting by designation.

1. Although respondent did not contest this court's jurisdiction, the record was unclear whether or not petitioner had filed a timely notice of appeal, Federal Rules of Appellate Procedure Rule 4(a). On August 5, 1982, this court *sua sponte* requested that the parties brief the jurisdictional issue. After consideration of these briefs the issue remained unre-

solved. It was deemed necessary, therefore, to remand the jurisdictional issue to Judge Baker for his assistance in interpreting the pleadings and prior events in his court. The additional record has now been supplied. Judge Baker interpreted an ambiguous filing by petitioner as a motion for extension of time which he would have granted. He also found that any shortcoming was due to excusable neglect on the part of Robinson. Based on Judge Baker's interpretation of the particular circumstances in his court, we accept jurisdiction.

tion[2] and requesting appointment of counsel. That petition was in the form provided by the Supreme Court, 28 U.S.C. fol. § 2254 (appendix of Forms) (amended April 28, 1982, 50 U.S.L.W. 4447). Question thirteen on that form reads: "If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them." (Original emphasis). In the space provided, petitioner responded, "The reason I did not bring this up before is because I did not think about it. And 2 [sic] this petition says not to use grounds that were already used in other petitions."

The district court appointed Susan H. Brandt of Bloomington, Illinois, as counsel for petitioner pursuant to 18 U.S.C. § 3006A(g) and directed respondent to show cause why the writ should not issue.

Respondent subsequently filed a motion to dismiss on the ground that the petition was a successive petition and that the failure to assert new grounds in the first petition constituted an abuse of the writ under Rule 9(b).[3] The record shows that notice and a copy of that motion were served upon petitioner's appointed counsel, but not petitioner personally. Neither petitioner nor his counsel responded.

The district court granted respondent's motion stating that the petitioner had previously filed a petition for a writ of habeas corpus with the court and that although petitioner had been represented by other counsel in that petition who appeared for him, he had failed to allege as grounds for relief the claims contained in the second petition. Citing petitioner's answer to question thirteen in the form petition, the court found petitioner's explanation for this

failure to be "paltry" and "obtuse." Consequently the court held that the petitioner, "having failed to allege that he could not with due diligence have discovered the claims now asserted and presented them in his first petition for a writ of habeas corpus, is now barred from bringing these new claims in a second petition for a writ of habeas corpus."

Respondent does not dispute that petitioner's appointed counsel was the only party to receive notice of respondent's motion to dismiss, and that petitioner personally had no knowledge of the motion or its contents until after his petition was dismissed. Petitioner represents that his appointed counsel never communicated with him regarding his petition.[4] The record shows that counsel never appeared on petitioner's behalf and that she filed nothing other than a motion to withdraw more than four months after the petition had been dismissed. The district court noted that no response had been filed to respondent's motion to dismiss, and therefore dismissed the petition. Petitioner's motion to reconsider was denied.

## II.

The issue which has now crystalized is whether a court may dismiss a successive habeas corpus petition under Rule 9(b) on the basis of the petitioner's response to question thirteen of the model form petition, 28 U.S.C. fol. § 2254, where because of appointed counsel's ineffectiveness, the petitioner fails to reply to the respondent's motion to dismiss.

Rule 9(b) allows a district court in its discretion to dismiss a successive petition "if new and different grounds are alleged [and] the judge finds that the failure of the

2. The new issues raised include prejudicial pretrial publicity, ineffective assistance of counsel at trial, incompetency of the trial judge, and finally that petitioner was not physically and mentally competent to stand trial.

3. In relevant part Rule 9(b) provides: "A second or successive petition may be dismissed ... if new and different grounds are alleged, [and] the judge finds that the failure of the

petitioner to assert those grounds in a prior petition constituted an abuse of the writ."

4. The record does not disclose any excuse there may have been for appointed counsel's apparent total failure to undertake representation of petitioner after her appointment. This opinion undertakes to judge the consequences of that failure on this case, but not counsel's professional conduct.

petitioner to assert those grounds in a prior petition constituted an abuse of the writ." 28 U.S.C. fol. § 2254. That rule incorporates the principle of *Sanders v. United States,* 373 U.S. 1, 18, 83 S.Ct. 1068, 1078–1079, 10 L.Ed.2d 148 (1963), where the Court stated:

> if a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, in the hope of being granted two hearings rather than one or for some other such reason, he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground.... Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay.

*Rose v. Lundy,* 455 U.S. 509, 521, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982); *see* Advisory Committee Note to Rule 9, 28 U.S.C. fol. § 2254. Rule 9(b), however, "is not designed to impose an automatic and inflexible forfeiture on every habeas petitioner who, whether out of ignorance, inadvertence, or any other reasons, failed to assert every ground for relief available to him in his first appearance in federal court." *Johnson v. Copinger,* 420 F.2d 395, 399 (4th Cir.1969). In some instances petitioner's failure may be excusable, such as where the new grounds are supported by newly discovered evidence or a retroactive change in the law.[5] *See* Advisory Committee Note, *supra.* Rule 9(b) must be applied narrowly as it was not intended to abrogate the historical role of the writ " 'as an effective and imperative remedy for detentions contrary to fundamental law.' " *See Sanders,* 373 U.S. at 17–18, 83 S.Ct. at 1078–1079; *quoting Fay v. Noia,* 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963).

 Abuse of the writ is an affirmative defense which must be pleaded by the respondent. *Price v. Johnston,* 334 U.S. 266, 291–92, 68 S.Ct. 1049, 1062–1063, 92 L.Ed. 1356 (1948). The government must make that charge with clarity and particularity in its return to the order to show cause. *Id.* at 292, 68 S.Ct. at 1063. "Once a particular abuse has been alleged, the prisoner has the burden of answering that allegation and of proving that he has not abused the writ." *Id.; see* Advisory Committee Note, *supra.* Implicit in this burden shifting is that the petitioner need not allege due diligence and must be given a reasonable opportunity to respond to the government's charge of abuse. *Price,* 334 U.S. at 292–93, 68 S.Ct. at 1063–1064; *Vaughan v. Estelle,* 671 F.2d 152, 153–54 (5th Cir.1982); *Hilbrich v. United States,* 406 F.2d 850, 852–53 (7th Cir.), *cert. denied,* 396 U.S. 936, 90 S.Ct. 271, 24 L.Ed.2d 236 (1969); *cf. Bass v. Wainwright,* 675 F.2d 1204 (11th Cir.1982) (successive petitions alleging same grounds). The Court's Advisory Committee on the Rules Governing Section 2254 Cases made this clear:

> If it appears to the court after examining the petition and answer (where appropriate) that there is a high probability that the petition will be barred under either subdivision of rule 9, the court ought to afford petitioner an opportunity to explain his apparent abuse. One way of doing this is by the use of the form annexed hereto. The use of a form will ensure a full airing of the issue so that the court is in a better position to decide whether the petition should be barred. This conforms with *Johnson v. Copinger,* 420 F.2d 395 (4th Cir.1969), where the court stated:
>
> > [T]he petitioner is obligated to present facts demonstrating that his earlier failure to raise his claims is excusable and does not amount to an abuse of the writ. However, it is inherent in this obligation placed upon the petitioner that he must be given an opportunity to make his explanation, if

---

5. We express no view as to the proper test for "abuse of the writ." *Compare Paprskar v. Estelle,* 612 F.2d 1003, 1006 (5th Cir.), *cert. denied,* 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980), *with Rose v. Lundy,* 455 U.S. 509, 532, 102 S.Ct. 1198, 1210, 71 L.Ed.2d 379 (1982) (Brennan, J., concurring in part and dissenting in part).

he has one. If he is not afforded such an opportunity, the requirement that he satisfy the court that he has not abused the writ is meaningless. Nor do we think that a procedure which allows the imposition of a forfeiture for abuse of the writ, without allowing the petitioner an opportunity to be heard on the issue, comports with the minimum requirements of fairness.

420 F.2d at 399

Use of the recommended form will contribute to an orderly handling of habeas petitions and will contribute to the ability of the court to distinguish the excusable from the inexcusable delay or failure to assert a ground for relief in a prior petition.

Advisory Committee Note, *supra.*

■ Petitioner here was deprived of an opportunity to respond to the allegation of abuse because representation by appointed counsel was not merely ineffective, but entirely absent. Petitioner would have been better off under the circumstances had the court not appointed counsel for him. His counsel's inaction on the motion to dismiss and apparent failure even to communicate with petitioner, coupled with the lack of any notice to petitioner personally of the respondent's motion, prevented petitioner from proceeding pro se and meeting his burden under Rule 9(b). The total lack of advocacy on the part of petitioner's appointed counsel falls far short of minimum professional standards. *Cf. United States ex rel. Williams v. Twomey,* 510 F.2d 634, 640–41 (7th Cir.), *cert. denied,* 423 U.S. 876, 96 S.Ct. 148, 46 L.Ed.2d 109 (1975).[6] Prejudice is inherent under these circumstances. *Cf. Thor v. United States,* 574 F.2d 215, 221 (5th Cir.1978).

Any opportunity provided in the form petition to give reasons for not raising new grounds previously is not an adequate substitute for the procedure outlined in *Price, Copinger,* and the Advisory Committee Note. In *Price,* the Court declined to place the burden on the petitioner of affirmatively alleging in the first instance that he had adequate reasons for not raising the new grounds in previous petitions. The Court reasoned that "[p]risoners are often unlearned in the law and unfamiliar with the complicated rules of pleading. Since they act so often as their own counsel in *habeas corpus* proceedings, we cannot impose on them the same high standards of the legal art which we might place on the members of the legal profession." 334 U.S. at 292, 68 S.Ct. at 1063. The procedure established in *Price* ensures that petitioners are sufficiently informed of the basis for a claim of abusive use of the writ and are made aware of the gravity of their burden so that they have a meaningful opportunity to defend intelligently against any such allegation. *See Copinger,* 420 F.2d at 399–400 (petitioner must first be given notice that dismissal for abuse is contemplated). To further ensure that a petition is not improperly dismissed, *Price* requires a hearing to determine the actual facts if the petitioner's response raises a substantial conflict. 334 U.S. at 292, 68 S.Ct. at 1063. This procedure gives prisoners "a fairer opportunity to meet all possible objections to the filing of his petition." *Id.* at 292–93, 68 S.Ct. at 1063.

The model form provided for prisoners to use in answering an allegation of abuse of the writ reflects the procedure in *Price. See* Model Form for Use in 28 U.S.C. § 2254 Cases Involving a Rule 9 Issue, 28 U.S.C. fol. § 2254 (amended April 28, 1982, 50 U.S.L.W. 4450). It recites the text of Rule 9, gives the reasons why dismissal is being considered, informs the petitioner of the consequences of failing to respond, and emphasizes that the petitioner must rely on facts in explaining (without space limitation) why the new grounds were not raised in a previous petition. In contrast, the form petition merely requests in question thirteen that petitioner "state *briefly* . . .

---

**6.** Our reliance on the constitutional effective assistance cases is only by analogy as it is well settled in this circuit that due process does not require appointment of counsel in collateral attack proceedings. *See LaClair v. United States,* 374 F.2d 486 (7th Cir.1967) (§ 2255).

[the] reasons" and imposes a strict space limitation. (Original emphasis). That question was apparently designed to alert respondents to the possibility of a Rule 9 issue. It was not intended then and there to force petitioners to defend their petition or to provide the sole basis for judicial determination of the issue. The Advisory Committee Note clearly specifies that the special Rule 9 form is to serve that function. Use of the Rule 9 form is more likely to elicit a knowing and intelligent response, and will establish a more adequate record for the court's determination. *Cf. Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982) (prisoner who is a § 1983 plaintiff and is acting pro se is entitled to receive notice of the consequences of failing to respond with affidavits to a motion for summary judgment).

Moreover, since petitioner drafted his petition without the aid of counsel, we cannot with assurance treat his remark—"I did not think about it"—as a conclusive admission of abuse. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). That statement is not beyond an explanation that might preclude a finding of abuse. In his motion to reconsider, for example, petitioner apparently claimed that he meant to say certain grounds were based on new evidence. Traditional federal practice, recognizing that pro se petitions are not skillfully drawn pleadings, gives such petitions a liberal construction and allows the petitioner to amend or explain the petition rather than dismiss it out of hand.[7] *See Holiday v. Johnston,* 313 U.S. 342, 350–51, 61 S.Ct. 1015, 1017–1018, 85 L.Ed. 1392 (1941). The district court, of course, may evaluate any subsequent explanation in light of the petitioner's initial statement, subject only to review for abuse of discretion.

Petitioner's answer to question thirteen in the form petition cannot itself be the basis for dismissal if no opportunity to elaborate or explain is given in those circumstances where some question arises. *See United States ex rel. Jones v. Franzen,* 676 F.2d 261, 266 (7th Cir.1982). As the Court in *Price* stated, "[t]he primary purpose of a *habeas corpus* proceeding is to make certain that a man is not unjustly imprisoned. And if for some justifiable reason he was previously unable to assert his rights or was unaware of the significance of relevant facts, it is neither necessary nor reasonable to deny him all opportunity of obtaining judicial relief." 334 U.S. at 291, 68 S.Ct. at 1062–1063. The rules governing habeas corpus should not be made a trap for the unwary.

### III.

Unfortunately the failure of petitioner's counsel requires a remand so that petitioner may be given an opportunity, with or without newly appointed counsel, to respond to the government's allegation of abuse and to explain or elaborate on any pertinent statements made in his petition. We express no views whatsoever as to the merits of his petition.

REVERSED AND REMANDED.

---

7. That petitioner should not be held to his brief statement in the petition, without the opportunity for further explanation, is also suggested by the district court's own action in exercising its discretion to appoint counsel under 18 U.S.C. § 3006A(g), which provides for appointment of counsel in section 2254 cases "whenever ... the court determines that the interests of justice so require." Presumably the court was aware of petitioner's response to question thirteen when it appointed counsel.