UNITED STATES of America, ex rel. John L. REESE, Petitioner-Appellant,

v.

James W. FAIRMAN, Warden, and the Attorney General of Illinois, Respondents-Appellees.

No. 83–1333.

United States Court of Appeals, Seventh Circuit.

Argued April 11, 1986.

Decided Sept. 17, 1986.

J. Andrew Schlickman, Sidley & Austin, Chicago, Ill., for petitioner-appellant.

Jack Donatelli, Asst. Atty. Gen., Chicago, Ill., for respondents-appellees.

Before BAUER and CUDAHY, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

On May 21, 1978, Petitioner John L. Reese was convicted of armed robbery in the Circuit Court of Cook County. He was sentenced to a term of twenty-five years. The Illinois Appellate Court, First Division, affirmed his conviction in an unpublished opinion. The Illinois Supreme Court denied his petition for leave to appeal. Reese is presently incarcerated in the Pontiac Correctional Center, Pontiac, Illinois.

On April 19, 1982, Reese filed a petition for a *writ of habeas corpus* in the United States District Court for the Northern District of Illinois. That petition was dismissed because it raised an unexhausted claim. Reese filed an amended petition eliminating it. Fairman responded with a motion for summary judgment. That motion was granted. Reese appeals. In order to appeal, 28 U.S.C. § 2253 required a certificate of probable cause. Judge McMillen granted it "because there is a substantial question for review in the question of whether the use of a special [recidivist] court for habitual criminals violates the Due Process Clause of the Fourteenth Amendment."

On appeal, Reese argued that point and in addition argued (1) that his arrest violated the Fourth Amendment, and (2) that alibi testimony raised a reasonable doubt as a matter of law. The Attorney General argues that the certificate of probable cause, and therefore the scope of the appeal, was limited to the repeater court question.

This circuit has not ruled on the effectiveness of a purported limitation of a certificate of probable cause. *Esposito v. Mintz,* 726 F.2d 371, 372 n. 1 (7th Cir.1984) (*per curiam*). Other circuits are in conflict. *See, e.g., Houston v. Mintzes,* 722 F.2d 290 (6th Cir.1983) (purported limitation by district court has no legal effect); *United States ex rel. Hickey v. Jeffes,* 571 F.2d 762 (3rd Cir.1978) (purported limitation by appeals court panel ineffective); *Vicaretti v. Henderson,* 645 F.2d 100 (2nd Cir.1980), *cert. denied,* 454 U.S. 868, 102 S.Ct. 334, 70 L.Ed.2d 171 (1981) (appeals court panel has authority to issue limited certificates of probable cause).

There is no need for us to deal with the technicalities of this issue. The additional issues have no merit, in any event. One is governed by *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) and the second by *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

This court appointed counsel for Reese who filed a brief and argued orally on the repeater court question.

Since 1977, the Criminal Division of the Circuit Court of Cook County has maintained repeat offender courtrooms all located in the same facility. Where a defendant has been identified at some point prior to arraignment as a repeat offender, his case will be assigned to one of these courtrooms. A repeat offender is a defendant (1) who has had two or more felony convictions and is presently charged with an offense of a specified serious type, or (2) who has had three or more felony convictions and is presently charged with residential burglary, or (3) who has had one felony conviction and is presently charged with one of the specified offenses while on bond on a felony charge.

Reese's argument that the system should be found to deny due process is drawn

from the Supreme Court's decision in *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). The petitioner in *Spencer* challenged Texas' then existing repeater statute whereby the jury was informed of each defendant's prior convictions by allegations contained in the indictment, which was read to the jury at the outset of the trial. *Id.* at 556, 87 S.Ct. at 649. The Supreme Court, after recognizing the potential for prejudice in evidence of a defendant's prior crimes, upheld the Texas procedure because the potential for prejudice was outweighed by "the validity of the State's purpose in permitting introduction of the evidence" and the fact that the defendant's interest could be protected through a limiting instruction. *Id.* at 560–61, 87 S.Ct. at 651–52.

■ In the present case, there is a risk that jurors serving in these courtrooms will become aware of the special nature of the cases tried there. Where a defendant is tried alone, a juror so aware will realize that defendant must have previously been convicted of at least one felony, often more. Where two or more defendants are tried together, the juror will realize that at least one of them has previously been convicted. Reese contends that under *Spencer* the risk of prejudice is not outweighed by any state interest served by the procedure.

Unfortunately, the Attorney General has not told us much about the justification for the system. His brief suggests, vaguely, "expedience and efficiency." We assume, however, there are advantages in maintaining greater security for one set of courtrooms, and in having prosecutors and court staff regularly and specially detailed to those courtrooms. Judges who regularly preside over such cases may be more efficient in so doing. It does appear that the caseload is kept more current; that continuances are rarely granted; and that cases are disposed of rapidly. In general, however, there is only a risk that jurors will learn that a defendant must have previously been convicted of at least one felony. In *Spencer,* the jurors were expressly informed of prior convictions. We are not persuaded that the risk here renders the system a denial of due process.

■ More specifically, Reese points to a two-part story published in the *Chicago Tribune* on April 28 and 29, 1980, just over two weeks before his trial began. The story described the repeat offender procedure and emphasized the fact of prior convictions. It named the judges involved, one of whom presided at Reese's trial and stated that over 92% of the jury verdicts were convictions. A juror who read and remembered the article would probably assume that at least one of the defendants had a felony record.

Reese's trial counsel brought the news article to the attention of the court. On *voir dire,* the court asked each prospective juror whether the juror had read any article concerning the local courts. None had. Reese's counsel did not request any more specific questions. Although the danger of imparting the prejudicial information by the framing of the question is clear, it is also true that other questions carefully framed could have been asked without encountering that danger.

We conclude that Reese demonstrated no prejudice arising from his trial in the repeat offender courtroom by reason of the *Tribune* story.

The judgment appealed from is Affirmed.