**UNITED STATES of America ex rel. John L. REESE, Petitioner,**

v.

**Howard PETERS III and Attorney General of Illinois, Respondents.**

No. 88 C 10615.

United States District Court, N.D. Illinois, E.D.

May 10, 1989.

John L. Reese, Pontiac, Ill., for petitioner.

David E. Bindi, Asst. Atty. Gen., Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioner John L. Reese seeks habeas relief pursuant to 28 U.S.C. § 2254 from his armed robbery conviction and sentence of twenty-five years incarceration. For the reasons stated herein, the petition is denied.

### I

### *Procedural History*

On May 21, 1980, a jury in the Circuit Court of Cook County convicted Reese of the July 16, 1979 armed robbery of the O & D White Owl Restaurant. The state's main witness at trial was Willie Thomas, owner of the White Owl, who testified that he was in the restaurant that day when Reese and another armed man stole money from the cash register. Thomas identified Reese before trial and in court from mug shots and testified that he knew Reese from the neighborhood and that they attended grammar school together. A waitress additionally identified Reese as one of the robbers. Reese's defense was that at the time of the armed robbery he was at the Ingalls Memorial Hospital, sixteen miles from the White Owl, visiting his son, Tracy Butler, who had been in a car accident earlier that day.

On June 18, 1980, Reese was convicted after a jury trial and was sentenced to twenty-five years imprisonment. He appealed the conviction, arguing in a brief filed by his attorney that his arrest and the seizure of evidence was unlawful, the state presented insufficient evidence to rebut the alibi defense, and the trial in a repeat-offender courtroom raised a presumption of guilt. Reese filed a *pro se* brief raising two additional challenges: a not guilty finding for the co-defendant should have led to a directed verdict for Reese and trial counsel should have impeached Thomas with evidence that he did not attend grammar school with Reese. The Appellate Court affirmed the conviction in an unpublished opinion addressing all but the grammar school issue. *People v. Reese*, 102 Ill.App.3d 1200, 61 Ill.Dec. 604, 434 N.E.2d 1201 (1st Dist.1981). The Illinois Supreme Court denied leave to appeal.

Thereafter began a series of federal habeas and state post-conviction petitions. On April 30, 1982, Reese filed a petition for federal habeas relief in the Northern District of Illinois. Reese raised the same issues argued on direct appeal and added a claim that the state knowingly used perjured testimony. In order to avoid dismissal for failure to exhaust state court remedies, Reese amended the petition to exclude the perjured testimony claim. District Judge Thomas R. McMillen granted the state's motion for summary judgment on all claims. The Seventh Circuit affirmed, holding that the Fourth Amendment claim was not cognizable in habeas proceedings, the state's evidence was sufficient to convict, and the use of a recidivist court did not prejudice Reese's defense. *United States ex rel. Reese v. Fairman*, 801 F.2d 275 (7th Cir.1986), *cert. denied* 479 U.S. 1096, 107 S.Ct. 1314, 94 L.Ed.2d 167 (1987).

On October 12, 1982, while litigating the habeas petition in federal court, Reese filed a post-conviction petition pursuant to Ill. Rev.Stat. ch. 38, ¶ 122–1 *et seq.*, charging violations of the Fourth Amendment, prosecutorial misconduct, a prejudiced tribunal, the knowing use of perjured testimony, the systematic exclusion of blacks from the jury, the state's failure to proffer exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963), and ineffective assistance of

trial counsel based on the fact that Charles K. Snowden, his attorney, was not listed on the Master Roll of attorneys licensed to practice law in Illinois.[1] As to the last claim, the evidence before the court established that the Attorney Registration and Disciplinary Commission removed Snowden from the Master Roll for failing to pay the 1980 registration fee and later reinstated him when he paid the fee and penalties. On February 27, 1986, the state trial court dismissed the petition without a hearing. On appeal, Reese abandoned all claims except the ineffective assistance claim. The Appellate Court affirmed, holding that an attorney's performance is not *per se* unconstitutionally deficient when state authorities have temporarily suspended the attorney for failure to remit the annual registration fee. *People v. Reese*, No. 86–629 (1st Dist. Aug. 18, 1988).

On October 5, 1987, during the pendency of his post-conviction petition, Reese filed his second federal habeas petition, setting forth the perjured testimony, ineffective trial counsel, and *Brady* violation claims raised earlier. Reese added a claim of ineffective appellate counsel. On account of the pending proceedings in state court, we dismissed the petition without prejudice for failure to exhaust state court remedies. Reese finished the state post-conviction proceedings and filed this habeas petition raising the following claims: assessing the merits of the post-conviction petition without an evidentiary hearing denied Reese his right to due process, trial counsel's performance was unconstitutionally deficient by virtue of his having been stricken from the attorney rolls, failing to impeach Thomas as to his grammar school and a host of other alleged acts of incompetence,[2] the

*Brady* violation, the knowing use of perjured testimony at trial, and ineffective appellate and post-conviction counsel.

## II

### *Abuse of Writ*

■ Respondent initially contends in opposition to the petition that dismissal is warranted under Section 2254 Rule 9(b) which provides:

> A second or successive petition may be dismissed ... if new and different grounds are alleged [and] the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of writ.

Once the respondent establishes that the petitioner had filed a previous petition and that no intervening changes in the facts or law justify a successive petition, the petitioner must provide a justification for failing to raise the new claims in his first petition. *Jones v. Estelle*, 722 F.2d 159, 164 (5th Cir.1983), *cert. denied*, 466 U.S. 976, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984); *Robinson v. Fairman*, 704 F.2d 368, 370 (7th Cir.1983).

■ A careful look at the timing of Reese's various federal habeas petitions establishes that he has not abused the writ. He filed his first petition after his direct appeal and before state post-conviction proceedings had commenced. Thus, he could not have raised in that habeas petition those claims that the state courts had yet to address—the *Brady* violation, the use of perjured testimony, ineffective assistance of trial and appellate counsel, the adequacy of the post-conviction hearing and the per-

---

1. The record before us does not indicate precisely which claims Reese raised in his post-conviction petition. We will assume that he raised all of the claims listed here.

2. Reese alleges that Snowden failed to
   —call as a witness Belinda Butler, Tracy's mother, who would have testified that she spoke to Reese on the telephone at the time of the robbery when he was at Ingalls Memorial;
   —call as witnesses a number of unspecified Social Service Dept. officials who saw Reese at Ingalls;

—adequately prepare his cross-examinations of the state's witnesses, including questioning as to their extensive criminal records and pending felony charges;
—elicit at trial the fact that Dora Stewart, not Willie Thomas, owned the White Owl Restaurant;
—object to the state's use of peremptories to exclude blacks from the jury; and
—discover the Chicago Police Department's "street or working" files which would have revealed that Willie Thomas failed to identify Reese in a line-up on July 28, 1979.

formance of post-conviction counsel. He raised in that first petition only the claims exhausted in the state courts on direct appeal, with the exception of the perjured testimony claim which he voluntarily withdrew. We agree with those courts that have allowed individuals in state custody to raise in a second habeas petition claims that were not exhausted at the time of filing the first petition. E.g., *Neuschafer v. Whitley*, 860 F.2d 1470 (9th Cir.1988); *United States ex rel. Rivera v. Franzen*, 564 F.Supp. 723, 725–26 (N.D.Ill.1983). Judicial efficiency would of course have been better served had Reese raised all of his claims in post-conviction proceedings before filing his challenges in federal court. However, the policy against piecemeal litigation is not so strong as to deny a petitioner a federal forum on colorable claims that could not have been raised in the first petition.

### III

#### *Waiver*

■ Reese has nevertheless waived a number of his claims by failing to raise them at all appropriate times in the state courts. In the absence of a showing of cause and prejudice, claims not raised in the state courts are not cognizable in a federal habeas petition. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed. 2d 594 (1977). Reese never gave the state courts an opportunity to assess the merits of his claim of ineffective appellate counsel.[3] The only grounds of ineffective trial counsel that he presented to the state courts were that the A.R.D.C. temporarily suspended Snowden and Snowden failed to impeach Thomas on his grammar school testimony. Reese cannot raise any new grounds to establish this claim.[4] Finally, Reese abandoned the perjured testimony and *Brady* violation claims on appeal from the dismissal of the post-conviction petition.

*Zellers v. Duckworth*, 763 F.2d 250 (7th Cir.1985). Accordingly, we assess only the merits of the ineffective post-conviction counsel, the denial of a post-conviction evidentiary hearing and the narrower ineffective trial counsel claims.

### IV

#### *Merits of Reese's Preserved Claims*

A. Ineffective Assistance of Post–Conviction Counsel

■ The United States Constitution does not guarantee representation in a post-conviction proceeding by counsel of any particular level of competence. In *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), the Supreme Court held that there is no constitutional right to counsel at state post-conviction proceedings, and, if the state decides to provide counsel, the rights normally accompanying the right to counsel, such as the right to the filing of an *Anders* brief in the event appointed counsel considers all claims meritless, do not attach:

> [T]he fact that the defendant has been afforded assistance of counsel in some form does not end the inquiry for federal constitutional purposes. Rather, it is the source of that right to a lawyer's assistance, combined with the nature of the proceedings, that controls the constitutional question ... [T]he substantive holding of *Evitts*—that the State may not cut off a right to appeal because of a lawyer's ineffectiveness—depends on a constitutional right to appointed counsel that does not exist in state habeas proceedings. Id. 107 S.Ct. at 1994–95.

In *Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982), the Supreme Court held that in the context of a discretionary appeal before a state's highest court, "[s]ince [the defendant] had no constitutional right to counsel, he could not be deprived of the effective assistance of

---

**3.** The ineffective assistance of post-conviction counsel cannot excuse Reese's failure to raise this claim. As explained later in this opinion, the constitution does not guarantee any particular level of performance of counsel in state post-conviction proceedings.

**4.** A waived claim of ineffective appellate counsel claim cannot excuse Reese's failure to raise the broader ineffective trial counsel claim. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986).

counsel by his retained counsel's failure to file the application [for writ of certiorari] timely." Id. at 587–88, 102 S.Ct. at 1301. Attorney incompetence that might in other circumstances provide a basis for habeas relief does not implicate the Constitution when the petitioner does not enjoy a constitutional right to that attorney. Similarly, once the state exercises its option to provide counsel in a post-conviction proceeding, the Constitution does not guarantee that the attorney's performance meet certain standards of competence. Accordingly, habeas relief is unavailable on a claim of ineffective post-conviction counsel.

### B. Failure to Provide a Post–Conviction Evidentiary Hearing

 We find no due process problems in the way the state courts handled Reese's ineffective trial counsel post-conviction petition claim. The material facts before the state courts were undisputed and, as explained below, were fully dispositive of the claim. A hearing is unnecessary when attorney competence can be determined as a matter of law on the undisputed facts. *United States ex rel. Link v. Lane*, 811 F.2d 1166, 1172 n. 2 (7th Cir.1987), citing *Strickland v. Washington*, 466 U.S. 668, 700, 104 S.Ct. 2052, 2071, 80 L.Ed.2d 674 (1984).

### C. Ineffective Assistance of Trial Counsel

 The state courts were correct in deciding that Snowden's performance at trial was not rendered unconstitutionally deficient by virtue of his temporary suspension. From the standpoint of the Sixth Amendment, an attorney who is disbarred or suspended from the practice of law may continue to represent a client in criminal proceedings as long as the reasons for the disbarment or suspension do not call into question the attorney's ability to perform within constitutional standards. *United States v. Mouzin*, 785 F.2d 682, 696–97 (9th Cir.), *cert. denied*, 479 U.S. 985, 107 S.Ct. 574, 93 L.Ed.2d 577 (1986); *Solina v. United States*, 709 F.2d 160, 167 (2d Cir.1983).

 As to Reese's contention that counsel should have impeached Willie Thomas with evidence that they did not attend grammar school at the same time, we do not find the proffered evidence sufficient to bring Snowden's judgment into question. Reese has not demonstrated that Snowden's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–88, 104 S.Ct. at 2064–65. Even if there was an inaccuracy in Thomas' testimony on this issue, counsel would not have been unreasonable in ignoring it and concentrating his cross-examination on other matters.[5]

## V

### Conclusion

All of the claims that Reese sets forth in his petition for habeas relief were either waived or are without merit. Accordingly, the petition is denied. It is so ordered.

---

5. We note additionally that Reese's other alleged instances of attorney incompetence, which he waived in any event, do not bring Snowden's performance into question at the constitutional level. Reese concedes that the existence of the street files was not revealed until 1982.