**UNITED STATES of America ex rel. William JACKSON, Petitioner,**

v.

**Richard B. GRAMLEY, Respondent.**

**No. 90 C 4573.**

United States District Court, N.D. Illinois, E.D.

Nov. 19, 1990.

William Jackson, Dixon, Ill., for petitioner.

Terrence Madsen, Bradley P. Halloran, Asst. Attys. Gen., Criminal Appeals Div., Chicago, Ill., for respondent.

## ORDER

NORGLE, District Judge.

Before the court is the petition of William Jackson for a writ of habeas corpus. For the following reasons, the court finds that this petition constitutes an abuse of the writ and, pursuant to Rule 9(b), the petition is denied.

Petitioner alleges that his November 11, 1977 murder conviction is unconstitutional, due to ineffective assistance of both trial and appellate counsel. The petition currently before the court is the petitioner's sixth habeas petition.

Under the rules governing habeas petitions, a district court may dismiss a second or successive petition if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that failure to assert those grounds in a prior petition constituted an abuse of the writ. Rule 9(b); 28 U.S.C. foll. § 2254.

"The law disfavors successive habeas petitions, and while the courts should consider them only in rare instances, they do possess the discretion to entertain successive petitions." *Jacks v. Duckworth*, 857 F.2d 394, 399 (7th Cir.1988), *cert. denied*, 489 U.S. 1017, 109 S.Ct. 1133, 103 L.Ed.2d 195 (1989). "[I]f a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application in the hope of being granted two hearings rather than one or for some other such reason, he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground...." *Jones v. Estelle*, 722 F.2d 159, 163 (5th Cir.1983) (*citing Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963)). *See also Kuhlmann v. Wilson*, 477 U.S. 436, 444 n. 6, 106 S.Ct. 2616, 2622 n. 6, 91 L.Ed.2d 364 (1986) (court may dismiss petition where prisoner files petition raising grounds that were available, but not relied upon, in a previous petition). Whether a petition should be dismissed as an abuse of the writ is a matter within the discretion of the trial court. *Sanders*, 373 U.S. at 18, 83 S.Ct. at 1078–79.

■ "The government bears the initial burden of raising the abuse of the writ issue." *Johnson v. Dugger*, 911 F.2d 440, 478 (11th Cir.1990), *citing Price v. Johnston*, 334 U.S. 266, 291–92, 68 S.Ct. 1049, 1062–63, 92 L.Ed. 1356 (1948). *See also*

*Jones v. Estelle*, 722 F.2d 159, 164 (5th Cir.1983). Once the government has raised the issue, the burden shifts to the petitioner, who must prove by a preponderance of the evidence that he has a justifiable excuse for failing to raise the claim in a previous petition. *Johnson*, 911 F.2d at 479; *U.S. ex rel. Hanrahan v. Gramley*, 664 F.Supp. 1183, 1190–91 (N.D.Ill.1987). For example, a petitioner could attempt to show that there is newly discovered evidence not available at the time the initial petition was filed or that there has been a retroactive change in the law. *Johnson*, 911 F.2d at 479. The petitioner should be given a reasonable opportunity to explain why these grounds were not raised in a previous petition. *Matthews v. Butler*, 833 F.2d 1165, 1170 (5th Cir.1987); *Robinson v. Fairman*, 704 F.2d 368, 370 (7th Cir.1983). However, where the district court determines that, as a matter of law, the petitioner cannot justify the omission, no evidentiary hearing is required. *Jones*, 722 F.2d at 164; *Hanrahan*, 664 F.Supp. at 1191.

■ As noted above, petitioner, to this point, has filed six habeas petitions. Some of those were dismissed for failure to exhaust state remedies. Respondent's Memorandum in Support of Motion to Deny ("Memo"), p. 3, 4. The other petitions raised various issues and were dismissed on their merits. Memo, p. 2, 4. None of the petitions which were dismissed on their merits raised the issue of ineffective assistance of counsel. The respondent has properly raised the issue of abuse of the writ by clearly and particularly enumerating petitioner's previous petitions and noting that the ineffective assistance of counsel claim was not raised in several petitions adjudicated on their merits. *See Jones*, 722 F.2d at 164.

Moreover, petitioner has had a reasonable opportunity to respond to a dismissal for abuse of the writ. The government raised the issue both in their answer to the petition and in their motion to deny the petition. Answer, p. 4; Memo, p. 6–9. The petitioner has not responded to this issue in

any way.[1] An examination of the entire file before the court fails to turn up any plausible excuse for petitioner's failure to raise this issue in a previous habeas petition adjudicated on the merits. Therefore, the court finds, as a matter of law, that petitioner has failed to carry his burden to show, by a preponderance of the evidence, that his petition should not be dismissed as an abuse of the writ.

Accordingly, petitioner's sixth habeas petition constitutes an abuse of the writ and the court dismisses the petition. Moreover, the court denies petitioner's motion, filed November 14, 1990, for an "Emergency Writ of Habeas Corpus Ad Testificandum".

IT IS SO ORDERED.

---

1. The court notes that the petitioner filed with the court both a "Brief and Argument for a Writ of Habeas Corpus Act" (filed November 2, 1990) and a motion for an "Emergency Writ of Habe-as Corpus Ad Testificandum" (filed November 14, 1990). Neither of these two documents, although filed after the respondent raised this issue, ever addresses the Rule 9(b) issue.