62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William D. HOOPINGARNER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1142.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1995.*
Decided July 12, 1995.
 
 Before BAUER, EASTERBROOK, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Petitioner William D. Hoopingarner appeals pro se the district court's dismissal of his second motion for postconviction relief under 28 U.S.C. Sec. 2255. The district court concluded that Hoopingarner failed to allege any error either of constitutional dimension or which resulted in a complete miscarriage of justice. We affirm.
 
 
 2
 In December 1990, Hoopingarner pleaded guilty to one count of attempting to manufacture methamphetamine, a Scheduled II Non-Narcotic Controlled Substance in an amount greater than 100 grams, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The court sentenced Hoopingarner to 121 months' imprisonment, to be followed by five years supervised release. Hoopingarner did not pursue a direct appeal of his conviction or sentence. Instead, in August 1992, he moved to vacate his sentence under Sec. 2255, claiming that he was denied the effective assistance of counsel. The district court denied this motion because "no conceivable prejudice accrued to Mr. Hoopingarner based on the claims or arguments presented." United States v. Hoopingarner, nos. IP 90-83-CR & IP 92-1126-C, slip op. at 4 (S.D. Ind. Aug. 31, 1992). We summarily affirmed that denial. Hoopingarner v. United States, No. 92-3242 (7th Cir. Dec. 28, 1992).
 
 
 3
 In December 1993, Hoopingarner filed a second Sec. 2255 motion. He claimed that the district court erred in sentencing him under Sentencing Guideline Sec. 2D1.1, which applies to offenses, including attempt, involving manufacturing and processing drugs with intent to distribute, rather than Sec. 2D1.11, which applies to offenses involving possession of precursor chemicals. He also argued that the government improperly prosecuted him under 21 U.S.C. Sec. 841(a) rather than Sec. 841(d). The district court found these claims "utterly without merit," and summarily denied Hoopingarner's motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings. Hoopingarner v. United States, No. IP-90-83-CR & No. IP 93-1620-C, slip op. at 4 (S.D. Ind. Dec. 21, 1993). Hoopingarner appealed.
 
 
 4
 Relief under Sec. 2255 is available if a prisoner can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1995). However, a motion to vacate or modify a sentence under Sec. 2255 is not a substitute for a direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir. 1995). An argument that was not raised on direct appeal cannot first be presented on collateral review "'absent a showing of cause' for the failure to advance the argument sooner 'and some showing of actual prejudice resulting from the alleged constitutional violation."' Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir. 1994) (quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977)).[1]
 
 
 5
 On appeal, Hoopingarner concedes that both his first and second Sec. 2255 motions failed to explain his reasons for not challenging his sentence in a timely manner. (Reply Br. at 2.) He argues, for the first time, that he did not raise his current claims in his first Sec. 2255 motion because the prison law library lacked the reference materials necessary to help him prepare the motion. Hoopingarner did not raise this argument before the district court, however, and we will not consider it for the first time on appeal. See Pierce v. United States, 976 F.2d 369, 370 n.2 (7th Cir. 1992) (per curiam); Borre v. United States, 940 F.2d 215, 224 (7th Cir. 1991).
 
 
 6
 We also will not consider Hoopingarner's claim, raised for the first time in his reply brief, that his counsel rendered ineffective assistance in advising him to plead guilty. Hoopingarner charges that counsel should have recognized that the government lacked evidence to prove that he manufactured methamphetamine; that counsel failed to meet with him to discuss the pretrial conference and the presentence investigative report; that counsel failed to file any discovery motions to support his defense; that counsel failed to file a direct appeal; and that counsel provided ineffective assistance by failing to negotiate a settlement of the case based on the purchase of a precursor chemical, and not the manufacture of methamphetamine. Because Hoopingarner failed to raise these claims in the district court, they are waived.
 
 
 7
 Hoopingarner has not shown that the alleged misapplication of the Sentencing Guidelines resulted in a "complete miscarriage of justice" which could support collateral relief under Sec. 2255. Scott v. United States, 997 F.2d 340, 341-43 (7th Cir. 1993); see also United States v. Hubbard, 22 F.3d 1410, 1419 (7th Cir. 1994) (defendant convicted of conspiring to manufacture and possess with intent to distribute PCP was properly sentenced under Sentencing Guidelines for attempted possession of drugs, rather than for offenses involving possession of precursor chemicals), cert. denied, 115 S. Ct. 762 (1995). Arguments of the sort Hoopingarner submits "must be advanced on direct appeal or not at all." Scott, 997 F.2d at 343.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The government urges us to affirm on the theory that Hoopingarner's motion constituted abuse of the writ of habeas corpus. However, the government must plead abuse of the writ in the district court with sufficient clarity and particularity to put the petitioner on notice of such a claim. McCleskey v. Zant, 499 U.S. 467, 494 (1991); Price v. Johnston, 334 U.S. 266, 292 (1948); Robinson v. Fairman, 704 F.2d 368, 370 (7th Cir. 1983). In the present case, the district judge summarily dismissed Hoopingarner's Sec. 2255 motion; thus the government was not ordered to file an answer. See Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 4(b). Because the district judge dismissed the case without a response by the government, the government did not plead abuse of the writ, and Hoopingarner never received notice of a dismissal of his petition based on those grounds. Under McCleskey and Price, we need not consider the abuse of the writ claim on appeal