**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
#### Chicago, Illinois 60604

Submitted November 5, 2009[*]

Decided November 12, 2009

### Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 09-2029 | |
| ENAAM ARNAOUT,<br>        *Petitioner-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | |
| HELEN MARBERRY,<br>        *Respondent-Appellee.* | No. 2:09-cv-055-WTL-JMS<br>William T. Lawrence, *Judge.* |

### Order

In 2005 Enaam Arnaout, a Sunni Muslim who is a federal prisoner, decided that because no one else was available to teach other inmates Arabic, so that they could read the Qur'an and say the five daily prayers correctly, he would teach them himself. Doing so violated a prison rule that forbids inmates to organize and lead any meeting without approval. A prison disciplinary board revoked 14 days of Arnaout's good-time credits. He sought review by writ of habeas corpus under 28 U.S.C. §2241, contending that the Constitution's first amendment and the Religious Freedom Restoration Act, 42 U.S.C. §2000bb–1, require the prison to permit inmates to organize and lead religious instruction. District Judge McKinney denied the petition; Arnaout did not appeal.

Ten months later Arnaout filed a second §2241 petition advancing the same legal theories. The second petition arises from the same events as the first and, like the first,

---

[*] Respondent was not served with process in the district court and has elected not to participate in the court of appeals. After examining petitioner's brief and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

seeks restoration of the 14 days' credits. Arnaout contended that Judge McKinney did not discuss all of the legal contentions presented in the first petition. This petition was assigned to District Judge Lawrence, who denied it on the ground that Arnaout had not sought and received advance permission from this court under 28 U.S.C. §2244(b)(3).

If appellate permission were required, then the judge should have *dismissed* the petition for lack of jurisdiction. See *Nuñez v. United States*, 96 F.3d 990 (7th Cir. 1996). The district court's judgment provides, however, that the petition is denied with prejudice. That is a decision on the merits and is incompatible with the district judge's rationale. As it happens, however, the judgment is correct, because the rationale is wrong.

The district judge apparently assumed that Arnaout's petition was based on §2255, to which §2244(b) always applies, or §2254, to which it often applies. But a contest by a federal prisoner to a revocation of good-time credits rests on §2241. No advance appellate approval is required for a proceeding under §2241, whether or not the proceeding may be deemed successive. See *Felker v. Turpin*, 518 U.S. 651 (1996); *Collins v. Holinka*, 510 F.3d 666 (7th Cir. 2007); *Valona v. United States*, 138 F.3d 693 (7th Cir. 1998).

What is true is that, even before the Antiterrorism and Effective Death Penalty Act, which added the prior-approval requirement, federal courts declined to entertain successive petitions under §2241 or §2255, unless the law had changed or new facts had come to light. *Felker* describes this older doctrine, known as "abuse of the writ." Arnaout does not contend that the law has changed or that new facts have come to light. Instead he argues only that Judge McKinney did not fully discuss his legal contentions. That might have been a good ground for appeal; it is not a good ground for starting from scratch with a second petition. Arnaout's second petition is an abuse of the writ and was thus properly dismissed with prejudice. See *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007); *Taylor v. Gilkey*, 314 F.3d 832, 834–35 (7th Cir. 2002). Although abuse of the writ is an affirmative defense, see *Robinson v. Fairman*, 704 F.2d 368, 370 (7th Cir. 1983), and the warden did not raise it in so many words, Arnaout was notified by the briefs of the possibility that the district court's decision could be sustained on appeal under an alternative theory. There would be no point in a remand that served no purpose other than articulating the right phrase to describe the district judge's disposition.

AFFIRMED