Clarence D. COOPER, Plaintiff–Appellant,

v.

Michael P. LANE, Michael O'Leary, Salvador Godinez, Edward Lyles, Kenneth Morgan, and Daniel Scott, Defendants–Appellees.

No. 90–2013.

United States Court of Appeals, Seventh Circuit.

Argued March 30, 1992.

Decided July 22, 1992.

Jerold S. Solovy, Richard T. Franch, and Debbie L. Moeckler (argued), Jenner & Block, and Samuel N. Warsawsky, Warsawsky & Fabing, Chicago, Ill., for plaintiff-appellant.

Timothy J. Cavanagh, Arthur Zaban, Asst. Attys. Gen., Claudia E. Sainsot, Deputy Atty. Gen. (argued), Office of the Atty. Gen., and Karen Michels Caille, Asst. Atty. Gen., Office of the Atty. Gen., Civ. Appeals Div., Chicago, Ill., for defendants-appellees.

Before COFFEY, FLAUM and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Clarence Cooper brought this civil rights action pursuant to 42 U.S.C. § 1983 against several prison officials including Daniel Scott. Cooper alleged that Scott infringed his due process rights when he denied Cooper's request for a continuance of a disciplinary hearing. Cooper had requested the continuance so he could gather witnesses for his defense. Before trial, Scott moved for summary judgment, but Cooper did not file a memorandum in opposition to the motion or oppose the motion on the record. The district court, finding that Scott's motion was well founded, granted it. We must now decide whether Cooper can challenge the grant of summary judgment on appeal.[1]

## I.

On the evening of June 27, 1986, Cooper, along with approximately 150 other inmates, was in the dining hall at the Stateville Penitentiary in Joliet, Illinois, when he

---

1. Cooper is prosecuting this appeal solely against defendant Scott and not against the other defendants.

attempted to exit the dining hall through the entrance door. A guard on duty in the dining hall told Cooper that he could not exit through that door and instructed him to use a different door. Cooper apparently did not listen to the guard and continued walking towards the entrance door. The guard then stopped Cooper and ordered him to use the appropriate door.

Cooper and the guard began arguing, and then pushing and shoving each other. The guard and Cooper ended up on the ground wrestling with each other and another guard on duty joined the fight. Other guards then removed Cooper from the dining hall to the Warden's office where the Assistant Warden questioned him about the fight. Cooper was then placed in segregation. Shortly thereafter, Cooper received an Inmate Disciplinary Report, which charged him with violating several prison rules during his fight with the prison guard.

On July 3, 1986, the Stateville Adjustment Committee, chaired by Scott, conducted a disciplinary hearing regarding the charges against Cooper. At the commencement of the hearing, Cooper requested a 30-day continuance to allow him to gather witnesses. In requesting the continuance, Cooper informed chairman Scott that he wished to ascertain the full names and identification numbers of prisoners who, he claimed, would verify that he did not start the fight with the guard. Scott denied Cooper's request. On the Adjustment Committee Report, Scott wrote that Cooper could not "identify witnesses to the incident."

At the hearing, Cooper testified and admitted that "he grabbed and struggled with" the guard. The Adjustment Committee found Cooper guilty of violating prison regulations. As punishment, the Adjustment Committee revoked 360 days of Cooper's good time, placed him in segregation for 360 days and demoted him to "C" grade for 360 days, which deprived him of certain privileges. On October 27, 1986, Cooper filed this action alleging, among other things, that Scott violated his due process rights by denying his request for a continuance to gather witnesses.

On March 29, 1988, Scott and three other defendants moved for summary judgment. The bases of Scott's motion for summary judgment were that: (1) he did not abridge Cooper's due process rights because his reasons for denying the continuance to gather witnesses provided Cooper with adequate due process; and (2) even if Cooper's due process rights had been violated, Scott was entitled to qualified immunity.

Cooper did not file any opposition to Scott's motion. Cooper did not even file a statement of contested facts, as required by Local Rule 12 of U.S. District Court for the Northern District of Illinois. The district court granted Scott's motion and the case then proceeded to trial against defendants Lyles and Morgan. The jury returned a verdict in favor of the defendants. Cooper appealed the grant of summary judgment in favor of Scott.

## II.

On appeal, Cooper argues that the district court erred in granting summary judgment in favor of Scott, even though he did not oppose the motion for summary judgment. Cooper argues that the documents that Scott submitted in support of his motion for summary judgment demonstrate, on their face, a factual issue about whether the continuance was denied merely because Cooper could not identify witnesses or whether the continuance was denied for legitimate reasons that were not given by Scott until he filed his motion for summary judgment. Cooper asserts that it would be improper to deny the continuance merely because he could not identify witnesses.

Generally, we review a grant or denial of summary judgment *de novo*. *Carston v. The County of Cook*, 962 F.2d 749, 751 (7th Cir.1992); *Pro–Eco v. Board of Com'rs of Jay County, Ind.*, 956 F.2d 635, 637 (7th Cir.1992). Summary judgment is appropriate if we can determine that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R.CIV.P. 56(c); *Carston*, at 751. The Su-

preme Court has held that summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

In reviewing a grant of summary judgment, we " 'view the record and all inferences drawn from it in the light most favorable to the party opposing the motion.' " *Carston,* at 751 (quoting *Lohorn v. Michal,* 913 F.2d 327, 331 (7th Cir.1990)). We also recognize that "the party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact." *Big O Tire Dealers, Inc. v. Big O Warehouse,* 741 F.2d 160, 163 (7th Cir.1984).

Cooper argues that summary judgment cannot be entered merely because the opponent of the motion fails to respond. In *Big O Tire Dealers,* we said that: "[w]here the moving party fails to meet its strict burden of proof, summary judgment cannot be entered even if the opposing party fails to respond to the motion." *Id.; see also Lopez v. Corp. Azucarera de Puerto Rico,* 938 F.2d 1510, 1517 (1st Cir.1991); *Robinson v. Monaghan,* 864 F.2d 622, 624 (8th Cir.1989); *Braxton–Secret v. A.H. Robbins, Co.,* 769 F.2d 528, 531 (9th Cir.1985). However, in *Big O Tire Dealers,* we also warned that: " 'it is always prudent to respond to a motion for summary judgment, even if the opposing party believes that the movant has failed to sustain his initial burden.' " 741 F.2d at 163 (quoting *Egger v. Phillips,* 710 F.2d 292, 296 (7th Cir.1983)).

Scott argues that because Cooper failed to address his motion for summary judgment, Cooper waived any issues raised by that motion for purposes of appeal. We have long refused to consider arguments that were not presented to the district court in response to summary judgment motions. *Resolution Trust Corp. v. Juergens,* 965 F.2d 149, 153 (7th Cir.1992); *Maust v. Headley,* 959 F.2d 644, 650 (7th Cir.1992); *Patrick v. Jasper County,* 901

F.2d 561, 566 (7th Cir.1990); *Manor Healthcare Corp. v. Guzzo,* 894 F.2d 919, 922 (7th Cir.1990) ("any arguments in opposition to summary judgment not properly raised in the district court are waived."); *Howland v. Kilquist,* 833 F.2d 639, 643 (7th Cir.1987). *See also Gianukos v. Loeb Rhoades & Co., Inc.,* 822 F.2d 648, 653 (7th Cir.1987) (argument not raised at trial was waived).

■■■ Cooper reads *Big O Tire Dealers* to mean that he may contest the entry of summary judgment by raising arguments which were not presented to the district court. *See* 741 F.2d at 163. Cooper is incorrect. As we have explained, our law is clear that we will not consider arguments which were not presented to the district court in response to a summary judgment motion. However, we agree with Cooper that it is error to grant summary judgment where it is apparent from the record that there are contested issues of material fact. *See Goka v. Bobbitt,* 862 F.2d 646, 650–51 (7th Cir.1988) (Rule 11 is violated where a party moves for summary judgment although it was aware of disputed factual issues).

■■■ We will first examine the record to determine if there are any disputed issues of material fact. On the Adjustment Committee Report, Scott explained that: "Inmate [Cooper] cannot identify witnesses to this incident." In an affidavit submitted in support of his motion for summary judgment, Scott expanded upon the reasons contained in the Adjustment Committee Report for denying the continuance. Scott stated that "the decision to deny said inmate's request for a 30-day continuance was based upon, but not limited to, the inmate's statement to the Adjustment Committee that he was unable to identify any witnesses that he would like to have the Adjustment Committee call." Scott's affidavit states that the Adjustment Committee also determined that granting the requested continuance would:

(a) unreasonably extend the length of said hearing, which could potentially cause a backlog of Adjustment Committee business and necessitate an increased

expenditure of Adjustment Committee resources, thus, unnecessarily increasing Adjustment Committee business and decreasing Adjustment Committee time and resources available for other Adjustment Committee hearings;

(b) cause disruption in the orderly administration of Stateville Correctional Center, which could potentially necessitate an increased expenditure of institutional resources on non-security related matters, thus decreasing institutional resources available for security purposes;

(c) interfere with administering swift punishment to an inmate for assaulting an officer, which is essential to maintaining institutional order in carrying out the correctional program at Stateville Correctional Center;

(d) creates the potential for coercion and reprisal of its inmates to testify falsely or against their will.

Cooper argues that Scott's affidavit creates a genuine issue of fact concerning Scott's reasons for not granting the continuance because it is inconsistent with the Adjustment Committee Report. We disagree. The Report and the affidavit are entirely consistent; the affidavit merely listed additional reasons for denying the continuance.

 Cooper further argues that the district court should not have considered Scott's affidavit because Scott's original reason for denying the continuance was constitutionally deficient and because the affidavit consisted of conclusory asser-

tions. These legal arguments were not presented to the district court and were thereby waived.[2] *Patrick*, 901 F.2d at 566; *Guzzo*, 894 F.2d at 922; *Howland*, 833 F.2d at 643. Our review of the record does not reveal any disputed factual issues.[3]

We must now determine whether Scott was entitled to judgment as a matter of law. Cooper argues that Scott's reasons for not granting the continuance—listed in the Adjustment Committee Report and his affidavit—were constitutionally insufficient. He points out that at a disciplinary hearing an inmate is entitled "to call witnesses ... in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974); *see also Mendoza v. Miller*, 779 F.2d 1287, 1293 (7th Cir.1985), *cert. denied*, 476 U.S. 1142, 106 S.Ct. 2251, 90 L.Ed.2d 697 (1986); *Grandison v. Cuyler*, 774 F.2d 598, 604 (3d Cir.1985).

In *Davis v. Lane*, 814 F.2d 397 (7th Cir. 1987), the prisoner requested a continuance of a disciplinary proceeding in order to locate a witness. *Id.* at 399. The adjustment committee denied that request on the ground that the prisoner was unable to name the witness that he planned to call. *Id.* at 402. We held that the adjustment committee's reason "alone is an insufficient basis on which to deny [the prisoner] his right to be heard effectively. [The prisoner] may have needed the continuance not only to gather witnesses, but to also determine who such witnesses would be." *Id.*

---

**2.** Even if we were to consider Cooper's challenge to Scott's affidavit we would reject it. Cooper's argument amounts to an assertion that a prison official may not amplify his reasons for a ruling after the disciplinary hearing has ended. To accept Cooper's argument would place an undue burden on prison officials to make a perfect record of the reasons for their decisions. *See Ponte v. Real*, 471 U.S. 491, 496, 105 S.Ct. 2192, 2196, 85 L.Ed.2d 553 (1985) ("prison officials may be required to explain, *in a limited manner* the reason why witnesses were not allowed to testify....") (emphasis added). Moreover, Scott's affidavit was not merely conclusory because it was based upon Scott's knowledge of conditions at Stateville and his knowledge of matters pending before the Adjustment Committee.

**3.** Alternatively, Cooper also failed to comply with Local Rule 12(n) of the U.S. District Court for the Northern District of Illinois, which requires that a party opposing a motion for summary judgment must "state separately and with supporting documentation his disagreement with any factual assertions in the [moving party's statement of facts] on pain of having the asserted facts deemed admitted." *Maksym v. Loesch*, 937 F.2d 1237, 1240 (7th Cir.1991); *see also Tatalovich v. Superior*, 904 F.2d 1135, 1140 (7th Cir.1990). As we noted in *Maksym*, we have repeatedly upheld strict enforcement of Rule 12(n). 937 F.2d at 1240–41 (citing cases). By failing to respond to Scott's statement of uncontested facts, Cooper admitted those facts.

We noted additionally that safety concerns at the prison might preclude the witness search proposed by the prisoner. *Id.* In reliance upon our decision in *Davis*, Cooper argues that Scott's reasons for denying the continuance were constitutionally insufficient.

██ Cooper did not present his due process argument in opposition to Scott's summary judgment motion, and we will not consider it now. *Patrick*, 901 F.2d at 566; *Guzzo*, 894 F.2d at 922; *Howland*, 833 F.2d at 643. If Cooper had presented this argument to the district court in response to Scott's summary judgment motion, the court might well have concluded that Scott was not entitled to summary judgment. Cooper's failure to raise any legal argument in opposition to Scott's summary judgment motion requires us to affirm the district court's decision.

### III.

We AFFIRM the judgment of the district court.