25 F.3d 1053
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Raphael TORRES, Plaintiff-Appellant,
v.
Susan O'NEILL, et al., Defendants-Appellees.
 No. 92-3734.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1994.*
Decided June 15, 1994.
 
 Appeal from the United States District Court for the Central District of Illinois, Danville Division, No. 91-2284, Harold A. Baker, Judge.
 C.D.Ill.
 AFFIRMED.
 CUDAHY, EASTERBROOK, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Raphael Torres, proceeding pro se, appeals from the district court's grant of summary judgment to all defendants in this civil rights action under 42 U.S.C. Sec. 1983.[1]
 
 
 2
 Torres is a state prisoner incarcerated at the Danville Correctional Center in Danville, Illinois. Torres had a pre-existing back injury, as well as a bone fracture near his right eye, prior to his incarceration at the Danville Correctional Center. Torres filed this suit against Susan O'Neill, the Health Care Administrator of the Danville Correctional Center; Dr. L.W. Tanner, a retired staff physician for the Illinois Department of Corrections at the Danville Correctional Center; Dr. Ronald M. Shansky, the Medical Director of the Illinois Department of Corrections; and Laura Stark, an administrative assistant in the Health Care Unit of the Danville Correctional Center. The complaint alleges that the defendants provided constitutionally inadequate medical care for Torres' back and eye conditions in violation of the Eighth Amendment.
 
 
 3
 On June 2, 1992, the defendants moved for summary judgment on the basis that Torres had received constitutionally adequate medical care. The motion was supported by the deposition testimony of Torres, his medical records, and affidavits of O'Neill, Dr. Shansky, Dr. Melvin Ehrhardt, and Terry Banta. Torres did not respond to the motion. On July 16, 1992, the district court issued an order to show cause within fourteen calendar days of the date of its order why the defendants' motion should not be granted without further consideration. The district court granted Torres' motion to extend the time to file a response to September 27, 1992. Torres did not file a response until September 28, 1992. The district court then granted the defendants' motion without considering Torres' response.
 
 
 4
 Torres asserts that his response should have been considered because he was permitted an additional three days in which to file a response under Federal Rule of Civil Procedure 6(e).[2] Rule 6(e) provides that an additional three days shall be added to a prescribed period only when "a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail." Fed.R.Civ.P. 6(e). Rule 6(e) provided Torres a three-day extension to the fourteen calendar days after service in which Torres was required to respond to the defendants' motion under Local Civil Rule 2.9(B) of the United States District Court for the Central District of Illinois.[3] Torres did not file a response within this period.[4] The district court's order of July 16, 1992, required Torres to show cause within fourteen calendar days of the date of its order why the defendants' motion should not be granted without further consideration, which the district court subsequently extended to September 27, 1992. This order, by its terms, did not come within Rule 6(e). Therefore, the district court was not required to consider Torres' untimely response under Rule 6(e), and it did not consider this material.
 
 
 5
 The district court may have intended to grant summary judgment as a sanction for Torres' untimely response, and in any event its order does not indicate that the merits of the motion for summary judgment were considered. A district court may not grant summary judgment as a sanction for the failure to file a timely response to a motion for summary judgment. Tobey v. Extel/JWP, Inc., 985 F.2d 330, 332 (7th Cir.1993). "There are plenty of sanctions for untimely filings, but granting summary judgment is not one of them." Id.; accord Anchorage Associates v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 174-76 (3rd Cir.1990); Dunlap v. Transamerica Life Ins. Co., 858 F.2d 629, 632 (11th Cir.1988). Nevertheless, we will uphold a grant of summary judgment in the absence of any response from the opposing party when the record reveals that there were no disputed issues of material fact and the moving party was entitled to judgment as a matter of law. Tobey, 985 F.2d at 332; Cooper v. Lane, 969 F.2d 368, 371-72 (7th Cir.1992); cf. Appley v. West, 929 F.2d 1176, 1179-80 (7th Cir.1991) (failure to file a statement raising genuine issues of fact as required by a local rule of the district court constitutes an admission of the statement of facts proffered by the moving party under the local rule). We will not consider legal arguments which were not presented to the district court in making this determination, Cooper, 969 F.2d at 372-73, nor will we consider the mere allegations of Torres' complaint. Fed.R.Civ.P. 56(e).
 
 
 6
 Our review of the record (not including the late-filed response of September 28, 1992, which we should not consider) reveals that there are no disputed issues of material fact. The undisputed material facts establish that there are no "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs," which is required to state a valid claim of medical mistreatment under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 106 (1976). The defendants therefore were entitled to judgment as a matter of law.[5]
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The notice of appeal, which was timely filed on November 4, 1992, names the appellees only as "Susan O'Neill et al." Although it is not "good legal practice" to fail to name each appellee in the notice of appeal, such failure neither violates Federal Rule of Appellate Procedure 3(c) nor deprives this court of jurisdiction over the unnamed appellees. House v. Belford, 956 F.2d 711, 717 (7th Cir.1992)
 
 
 [2]
 Torres' brief erroneously relies upon "Federal Procedure Rule 26. (c) [sic]" for this proposition. Appellant's Br. at 9. We assume that this is merely a typographical error and that Torres intended to refer to Federal Rule of Civil Procedure 6(e)
 
 
 [3]
 Local Civil Rule 2.9(B) provides, in relevant part, that "[a]ny party opposing the motion shall file a memorandum of law in opposition to the motion within fourteen (14) calendar days after service of the motion and memorandum unless the time is extended by the presiding judge for good cause shown." Local Civil Rule 2.9(B)
 
 
 [4]
 Torres also failed to file a "Statement of Genuine Issues" with his responsive memorandum stating all material facts contended to be in issue, in violation of Local Civil Rule 2.9(D)
 
 
 [5]
 Torres' claim seeking damages against the defendants in their official capacities is barred by the Eleventh Amendment irrespective of whether the defendants were entitled to summary judgment. Kentucky v. Graham, 473 U.S. 159, 169-70 (1985)