27 F.3d 570
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph VERIVE, Plaintiff-Appellant,
v.
Howard A. PETERS, et al., Defendants-Appellees.
 No. 93-2279.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1994.*
Decided July 5, 1994.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Joseph Verive, a prisoner in the state of Illinois, appeals from summary judgment entered in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. Verive contends that he was denied due process of law during a prison disciplinary hearing in which he was found guilty of seven rule violations stemming from an altercation between Verive and inmate Harris. Specifically, he argues that the defendants failed to provide him with an adequate statement of the evidentiary basis for the disciplinary decision. The district court agreed and initially denied defendant's motion for summary judgment finding reliance on the reporting officer's disciplinary report inadequate because the report was factually unsubstantiated. The defendants then renewed their motion for summary judgment, supporting it with supplemental evidence. Upon review of the supplemental submissions, the district court granted the defendant's motion for summary judgment.
 
 
 2
 Verive challenges the district court's decision to accept additional evidence, arguing that once the evidentiary basis was found inadequate he was entitled to judgment.[1] He also contends that it was error to consider evidence that was not part of the record before the committee and is inconsistent with the original evidentiary basis.[2]
 
 
 3
 Verive appeared before the committee on the charges identified in the disciplinary report. He called no witnesses on his behalf and denied any involvement in the fight. The adjustment committee based its decision in part on the "observation of the reporting employee."[3] Verive seeks to limit the term "observation" to that which is gained through visual perception. However, the committee was aware that the reporting employee had not personally witnessed the incident, but instead had based his report on information gathered through an investigation of the incident after the fact. Basing its decision on the investigator's "observation" therefore included information compiled for the disciplinary report. If deemed credible, the investigation report and the information upon which it is based is a proper evidentiary basis for the disciplinary decision. See Forbes v. Trigg, 976 F.2d 308, 318-19 (7th Cir.1992), cert. denied, 113 S.Ct. 1362 (1993); Culbert v. Young, 834 F.2d 624, 629-31 (7th Cir.1987), cert. denied, 485 U.S. 990 (1988); Saenz v. Young, 811 F.2d 1172, 1174 (7th Cir.1987).
 
 
 4
 In determining whether the evidentiary basis for the disciplinary decision was adequate we may not reassess the credibility of the witnesses or reweigh the evidence but ask only if there is any evidence in the record that could support the committee's decision. Superintendent Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455 (1985); Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974). Thus we will overturn the committee's finding only if on the basis of the evidence presented no reasonable adjudicator could have found Verive guilty of the offenses charged. Henderson v. U.S. Parole Comm'n, 13 F.3d 1073, 1077 (7th Cir.1994).
 
 
 5
 Affidavits submitted from members of the adjustment committee stated that they had considered information contained in incident reports and gathered by the reporting officer during investigation of the incident. Among this information was an incident report stating that Verive and Harris were examined for possible injuries resulting from a fight, and a report relaying the circumstances surrounding the incident and Verive's involvement. As this was the very evidence that formed the basis of the investigative report, it is clear that this evidence was before the adjustment committee when it reached its decision. There is nothing improper in permitting the hearing officers to supplement the record before the court in order to more fully explain the basis for their decision. See Cooper v. Lane, 969 F.2d 368, 372 n. 2 (7th Cir.1992).
 
 
 6
 The question in this case is whether there is some evidence which supports finding that Verive engaged in the conduct described in the disciplinary report. The evidence which formed the basis of the disciplinary report clearly supports finding Verive culpable. And the only evidence contradicting this conclusion is Verive's own statements. We have repeatedly held that where the only issue presented at the hearing involved an assessment of the relative credibility of the disciplinary report and the inmate's version of the incident, basing its decision on the information contained in the conduct report is sufficient to satisfy due process concerns. See, e.g., Culbert, 834 F.2d at 631. While we do not hesitate to conclude that the statement of reasons provided "some evidence" to support the disciplinary finding, we note, however, that the committee could have outlined some of the specific, non-confidential information[4] of the conduct report rather than simply stating its reliance on the reporting officer's "observations."[5]
 
 
 7
 For the foregoing reasons, we conclude that Verive has failed to establish a constitutional violation. The judgment of the district court is therefore
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Contrary to plaintiff's argument, a denial of summary judgment does not necessarily require enter of judgment in favor of the non-movant. See, e.g., Glass v. Dachel, 2 F.3d 733, 739 (7th Cir.1993); Fed.R.Civ.P. 56
 
 
 [2]
 Verive also served request for admissions on the State and contends that the matters therein should be deemed admitted because the defendants failed to respond within thirty days. Verive's reliance on his unsworn certificate of service, which reflected the date of service as the date of mailing, is misplaced. Because he presents no evidence to show when service was effected, we can assume as true the dates on which the defendants claim they received service to show that the motion to stay discovery was timely filed. Accordingly, it was not improper to consider the defendants motion to stay discovery as timely and the court did not abuse its discretion by not ruling on the motion until it ruled on the dispositive motion. Brown-Bey v. United States, 720 F.2d 467, 471 (7th Cir.1983)
 
 
 [3]
 The complete statement of reasons provided by the committee to support its finding was as follows:
 Based on the observation of the reporting employee in that inmate caused the disturbance, the positive ID of inmate by the reporting employee, the investigator states the whole institution had to go on deadlock, the inmate admitted it was gang-related, admitted he was in [the room of] Harris N53980, he admitted there was a fight, the credibility of reporting employee, the committee is satisfied the violation occurred as reported.
 
 
 [4]
 To the extent the committee relied on portions of the report which included the redacted names of other individuals reportedly implicated, there is no requirement that the confidential information be set out in specific terms, if to do so would threaten institutional safety or correctional goals. Henderson, 13 F.3d at 1078. In order to protect the inmate's interest in a fair hearing under these circumstances, however, there must be some indicia of the reliability of the confidential information which forms the basis of the disciplinary decision. Mendoza v. Miller, 779 F.2d 1287, 1293 (7th Cir.1985), cert. denied, 476 U.S. 1142 (1986). We need not determine the reliability of the redacted information in this case, however, because there is sufficient evidence to support the committee's finding without reference to the withheld information
 
 
 [5]
 Verive cites Wolff, 418 U.S. at 565, for the proposition that the committee was required to identify this evidence as omitted and state the basis for its omission. However, this requirement does not directly control in this case. The supplemental evidence was encompassed by reliance on the investigator's observations and Verive does not contend that he was unaware of the evidence against him. Moreover, he had ample notice of the facts underlying the charges so that he could prepare a defense to those charges. See Rasheed-Bey v. Duckworth, 969 F.2d 357, 362 (7th Cir.1992). Perhaps the most incriminating evidence was the report concerning the circumstances of the fight with Harris. Since Verive denied involvement in the fight but offered no other evidence at the hearing to contradict his guilt, resolution depended on a credibility determination, which the committee resolved against Verive and which we will not reassess. See Culbert, 834 F.2d at 631