54 F.3d 779
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Todd PRUETT, Plaintiff-Appellant
v.
AMERICAN MOTORCYCLE ASSOCIATION and Lincoln Trail
Motosports, Inc., Defendants-Appellees.
 No. 93-3887.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 17, 1995.
 
 IN PART, REVERSED AND REMANDED IN PART.
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Todd Pruett sued the American Motorcycle Association and Lincoln Trail Motosports, Inc. (hereinafter "appellees"), for injuries sustained at a motorcycle race. The appellees filed a motion for summary judgment, Fed. R. Civ. P. 56(e). Thereafter, the district court entered summary judgment in favor of the appellees and against Pruett on all counts. For the reasons set forth below, we affirm in part, and reverse and remand in part.
 
 
 2
 This action arises from injuries sustained when Pruett allegedly lost control of his motorcycle, fell to the ground, and was struck by another motorcycler in a race in Cumberland County, Illinois. This race was organized by the appellees. Pruett's original complaint, alleging negligence on the part of the appellees, was filed in the United States District Court for the Eastern District of Missouri. It was dismissed for lack of personal jurisdiction. Pruett then refiled this complaint in the United States District Court for the Southern District of Illinois. The appellees filed a motion for dismissal on the pleadings based on Pruett's alleged execution of three pre-race release of waiver and liability agreements. However, because Pruett responded with an affidavit stating that he did not sign or authorize his signature on these release agreements, the district court denied the motion to dismiss. Subsequently, an amended complaint was filed wherein, in addition to the claims of ordinary negligence, Pruett alleged willful and wanton misconduct and negligent misrepresentation. The appellees filed a motion to dismiss alleging that the additional counts of willful and wanton misconduct and negligent misrepresentation were untimely and that Pruett had failed to state a claim for relief on all counts. The district court denied this motion, holding that, because willful and wanton misconduct and negligent misrepresentation are degrees of negligence, the additional counts relate back to the original claim of ordinary negligence. The district court additionally held that each count sufficiently stated a claim for relief.
 
 
 3
 To cure other deficiencies in his amended complaint, Pruett filed a second amended complaint. Following Pruett's deposition, the appellees filed a motion for dismissal on the pleadings or, in the alternative, summary judgment, based upon Pruett's admission in his deposition that he authorized his signature on the liability releases. In ruling on the motion, the district court noted that since the appellees filed excerpts from Pruett's deposition in support of their motion, it would be treated as a motion for summary judgment. The district court then held that, despite the fact that Pruett alleged negligent misrepresentation and willful and wanton misconduct, since it was undisputed that Pruett assented to the conditions of the releases of liability, he was precluded from bringing any suit for recovery from injuries sustained at the appellees' race. This timely appeal follows.
 
 
 4
 A district court's decision to grant or deny a motion for summary judgment is reviewed de novo. Cooper v. Lane, 969 F.2d 368, 370 (7th Cir. 1992) (citing Carston v. Cook County, 962 F.2d 749, 751 (7th Cir. 1992); Pro-Eco v. Board of Comm'rs of Jay County, Ind., 956 F.2d 635, 637 (7th Cir.1992)); Summary judgment is proper where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Cooper, 969 F.2d at 370. In making this determination, we must ""'view the record and all inferences drawn from it in the light most favorable to the party opposing the motion.""' Cooper, 969 F.2d at 371 (quoting Carston, 962 F.2d at 751 (quoting Lohorn v. Michael, 913 F.2d 327, 331 (7th Cir. 1990))). Moreover, "'the party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact."' Cooper, 969 F.2d at 371 (quoting Big O Tire Dealers, Inc. v. Big O Warehouse, 741 F.2d 160, 163 (7th Cir. 1984)). However, "summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."' Cooper v. Lane, 969 F.2d 368, 371 (7th Cir. 1992) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).
 
 
 5
 Illinois law governs the validity of the releases. In Pruett's second amended complaint, he sets forth three counts alleging (I) negligent operation of a motorcycle event resulting in the proximate cause of his injuries; (II) willful and wanton failure to provide promised safety features and medical service facilities resulting in the proximate cause of his injuries; and (III) negligent misrepresentation that the appropriate safety features and medical facilities would be provided. In entering summary judgment in favor of the appellees and against Pruett on all counts, the district court relied upon Schlessman v. Henson, 83 Ill.2d 82, 413 N.E.2d 1252, 46 Ill. Dec. 139 (1980). Schlessman involved a general release of liability for injuries sustained in an automobile racing event. There, the appellate court of Illinois held that since the racing of automobiles at high speeds presents various situations which have resulted in serious injuries to drivers, mechanics and spectators, a general release of liability is sufficient to exculpate the organizers of a racing event for all injuries sustained as a result of their negligence, even if the precise cause of the accident is not specified in the release and is "extraordinary." The district court then held that since a motorcycle race presents the same hazards as an automobile race, Schlessman applies to the release entered into by Pruett. Since the appellees presented a deposition of Pruett wherein he admitted consent to release the appellees from all liability for any injuries sustained as a result of their negligence (or otherwise), the district court held that summary judgment in favor of the appellees was appropriate.
 
 
 6
 Pruett first argues that because the American Motorcycle Association controls essentially all of the events in the country regarding motorcycle events on hilly terrain, there was unequal bargaining power and the release is therefore tantamount to an adhesion contract. However, in responding to the appellees' motion for dismissal on the pleadings, Pruett did not challenge the validity of the release itself. Rather, he argued that the release did not cover the appelles' willful and wanton misconduct and negligent misrepresentation and that Schlessman's holding regarding the injuries covered by a general release does not apply to injuries sustained in a motorcycle race. Since Pruett did not present his claim of unequal bargaining power to the district court in response to the appellees' motion for summary judgment, it is waived. Cooper v. Lane, 969 F.2d 368, 371 (7th Cir 1992) ("We have long refused to consider arguments that were not presented to the district court in response to summary judgment motions.") (citations omitted); see also Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc., 991 F.2d 1249, 1258 (7th Cir. 1993).
 
 
 7
 Pruett next contends that since it was not foreseeable that medical care would not be provided or that warnings to participants in the race that another racer has fallen would not be properly administered, the release did not cover the appellees' alleged negligent misrepresentation that medical facilities and safety precautions would be provided. We disagree. Before racing, Pruett agreed to release the appellees of all liability for injuries caused by their negligent acts. Other than his claim of unequal bargaining power (which has been waived), Pruett does not challenge his consent to the release of liability agreements.[1] As the Illinois Appellate Court held in Schlessman, "[e]xperienced race drivers ... are obviously aware of ... the risks attendant to the sport of auto racing." Schlessman at 84, 413 N.E.2d at 1254, 46 Ill. Dec. at 141. Likewise, experienced motorcycle racers should be aware of the risks attendant to the sport of motorcycle racing. Pruett, an experienced motorcycle racer, was aware of these risks. Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, August 18, 1993, R.24, Exhibit E at 38, 64. As he admits in his brief, because of his experience as a racer, he expects adequate medical care facilities and safety precautions at every race. Likewise, he should expect that negligence on the part of the organizers of a motorcycle race regarding the medical care facilities and safety precautions provided could result in a serious injury to anyone who participated in that race. Accordingly, we agree with the district court that the appellees' alleged negligent misrepresentation was covered by the release. However, we do not agree that the release exonerates the appellees for their alleged willful and wanton misconduct.
 
 
 8
 Although Pruett does not explicitly argue that the release cannot cover the appellees' willful and wanton misconduct, he does make a general challenge to the district court's decision to enter summary judgment in favor of the appellees on Counts II and III of the complaint. Moreover, in his response to the appellees' motion for summary judgment, Pruett specifically argued that the release could not cover their willful and wanton failure to provide adequate safety precautions and medical care facilities. Pruett makes reference to this challenge in his appellate brief. Accordingly, we will consider whether his claim for willful and wanton misconduct was properly dismissed on summary judgment.
 
 
 9
 As a general rule, "Illinois does not enforce contracts exculpating persons from the consequences of their willful and wanton acts." Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 252 (7th Cir. 1994) (citing Downing v. United Auto Racing Ass'n, 211 Ill.App.3d 877, 888, 570 N.E.2d 828, 836, 156 Ill. Dec. 352, 360 (1991); see also Falkner v. Hinckley Parachute Center, Inc., 178 Ill.App.3d 597, 127 Ill. Dec. 859, 533 N.E.2d 941 (1989); Zimmerman v. Northfield Real Estate, Inc., 156 Ill.App.3d 154, 109 Ill. Dec. 541, 510 N.E.2d 409 (1986). This ban on releases for willful and wanton misconduct applies to releases in cases involving injuries sustained as a result of race car accidents. Downing, 211 Ill.App.3d at 888, 570 N.E.2d at 836, 156 Ill. Dec. at 360 (citing Schlessman, 83 Ill.2d 82, 47 Ill. Dec. 139, 413 N.E.2d 1252). Likewise, it should apply to releases in cases involving injuries sustained as a result of motorcycle accidents.
 
 
 10
 The appellees point out, however, that since Pruett conceded that willful and wanton misconduct is really only a degree of negligence, (R.17 at 2), Illinois law does not prohibit the general release from covering his claim for willful and wanton misconduct. We disagree. In Illinois, willful and wanton misconduct may be characterized as either a heightened degree of negligence or a lesser degree of intentional wrongdoing. Ziarko v. Soo Line R.R., 161 Ill.2d 267, 275, 641 N.E.2d 402, 406, 204 Ill. Dec. 178, 182 (1994). More importantly, regardless of how it is characterized, a plaintiff's claim for willful and wanton misconduct cannot be contractually released. See, e.g., Downing, 211 Ill.App.3d 877, 570 N.E.2d 828, 156 Ill. Dec. 352 (a release cannot exonerate defendant for willful and wanton misconduct evidenced by a reckless disregard for the safety of others). The district court's entry of summary judgment in favor of the appellees and against Pruett on his claim for willful and wanton misconduct (Count II) is, therefore, reversed.[2] However, since there is no genuine issue of material fact that Pruett consented to a general release of liability, the district court properly entered summary judgment in favor of the appellees and against Pruett on his claims of negligence and negligent misrepresentation (Counts I and III).
 
 
 11
 Judgment of the district court is AFFIRMED with respect to Counts I and III and REVERSED and REMANDED for further proceedings with respect to Count II of his second amended complaint.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 We note that Pruett's affidavit stating that he did not authorize his signature on the release agreements is in contradiction with his subsequent deposition wherein he admitted that he did consent to the release agreements. However, Pruett does not claim, either on appeal or in his response to the appellees' motion for summary judgment, that this inconsistency presents a genuine of material fact regarding the issue of consent
 
 
 [2]
 We point out that there are no affidavits in the record which provide support for Pruett's claim of willful and wanton misconduct. However, since the appellees have not demonstrated that there is no genuine issue of material fact regarding this claim, summary judgment is not appropriate. Cooper, 969 F.2d at 371 ("'[w]here the moving party fails to meet its strict burden of proof, summary judgment cannot be entered even if the opposing party fails to respond to the motion."') (quoting Big O Tire Dealers, Inc. v. Big O Warehouse, 741 F.2d 160, 163 (7th Cir. 1984))