64 F.3d 665
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Christopher Scott RIDER, Plaintiff/Appellant,
v.
Thomas RICHARDS, et al., Defendants/Appellees.
 No. 94-1347.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 10, 1995.*
Decided Aug. 14, 1995.
 
 Before Flaum, Ripple and Kanne, Circuit Judges.
 
 ORDER
 
 1
 Scott Rider appeals the district court's grant of summary judgment for the defendants in his suit brought pursuant to 42 U.S.C. Sec. 1983. We affirm.
 
 
 2
 Rider had a tonsillectomy following a history of throat problems. After surgery he was returned to the prison to recover. Rider began to bleed from the throat and was taken to the emergency room. Medical personnel determined that Rider had attempted to remove his stitches, most likely in an attempt to be transferred to a different location in the prison. Rider then was placed in restraints to prevent further interference and facilitate the healing process. He claims that his Eighth Amendment rights thus were violated.
 
 
 3
 We review a grant of summary judgment de novo. Copper v. Lane, 969 F.2d 368, 370 (7th Cir. 1992). Summary judgment is proper where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the record and all inferences drawn from it in the light most favorable to the party opposing the motion. Cooper, 969 F.2d at 370.
 
 
 4
 The record shows that Rider was removed from restraints to use the toilet and eat regularly. Given the conclusion of medical personnel that Rider caused the bleeding in his throat, the prison officials' response did not violate Rider's Eighth Amendment rights. See Williams v. Burton, 943 F.2d 1572 (11th Cir. 1991) (Eighth Amendment not violated when inmate kept in four-point restraints for 28 1/2 hours after inmate cursed, threatened to kill officers and spat on them, threw bodily fluids at them, creating a disturbance in the prison). Rider alleges no injury, and the officials made good faith efforts to protect Rider from himself. See Whitley v. Albers, 475 U.S. 312 (1986); Hewitt v. Helms, 459 U.S. 460, 474 (1983) (assessment of when seriousness of threat has abated is purely subjective). Therefore, we AFFIRM the district court's grant of summary judgment to the defendants.[1]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 On appeal, Rider complains that he was not placed on a soft diet after surgery. This claim was not raised in the district court and therefore is waived