67 F.3d 301
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Nicholas BROADUS, Plaintiff-Appellant
v.
William HYATTE, Carl Anderson, and Patrick Conley,
Defendants-Appellees.
 No. 95-1313.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 10, 1995.*
Decided Sept. 28, 1995.
 
 Before FLAUM, RIPPEL and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Nicholas Broadus, while an inmate at the Maximum Control Complex ("MCC") in Westville, Indiana, filed a pro se complaint under 42 U.S.C. Sec. 1983 against three MCC officials.[1] Broadus alleged that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by exposing him to chemical agents, striking him in the face with a riot shield, and neglecting his medical condition. The defendants filed a motion for summary judgment. See Fed.R.Civ.P. 56(e). The district court granted the defendants' motion for summary judgment; it entered judgment against Broadus and in favor of the defendants. Broadus, appearing pro se, filed the instant appeal. For the reasons set forth below, we affirm in part, reverse in part, and remand.
 
 
 2
 A district court's decision to grant or deny a motion for summary judgment is reviewed de novo. CSX Transportation, Inc. v. Chicago and North Western Transportation Company, Inc., No. 94-3145, (7th Cir. July 31, 1995); Cooper v. Lane, 969 F.2d 368, 370 (7th Cir.1992). Summary judgment is proper where "the record demonstrates 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " CSX Transportation, (quoting Fed.R.Civ.P. 56(c)); Cooper, 969 F.2d at 370. In making this determination, we must "view the record and all reasonable inferences drawn from the record in the light most favorable to the nonmoving party," in this case, Broadus. CSX Transportation, Cooper, 969 F.2d at 371. Moreover, " 'the party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact.' " Cooper, 969 F.2d at 371 (quoting Big O Tire Dealers, Inc. v. Big O Warehouse, 741 F.2d 160, 163 (7th Cir.1984)). However, "summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' " Id.
 
 Exposure to Chemical Agents
 
 3
 Broadus first claims that his exposure to chemical agents by defendants Hyatte and Anderson constituted cruel and unusual punishment in violation of the Eighth Amendment. The record reveals the basic situation but few of the details. On September 30, 1993, Hyatte and Anderson used a chemical agent (a gas similar to tear gas or mace) on an inmate, Ellis, housed near Broadus. As a result of Broadus' exposure to this chemical agent, Hyatte ordered that Broadus be taken for medical evaluation. Accordingly, Broadus was removed from his cell and was examined by Nurse Rivera. Thereafter, Broadus was returned to his cell. To be certain that there were no adverse reactions to his exposure to the chemical agent, Broadus was observed throughout the night.
 
 
 4
 Pursuant to the Eighth Amendment, prison officials have a duty to "provide humane conditions of confinement; ... [to] ensure that inmates receive adequate food, clothing, shelter and medical care, and [to] 'take reasonable measures to guarantee the safety of the inmates....' " Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). In order for an inmate to state a claim that conditions of confinement constitute cruel and unusual punishment in violation of the Eighth Amendment, the inmate must demonstrate that a prison official was deliberately indifferent to his health or safety. Farmer, 114 S.Ct. at 1979; Wilson v. Seiter, 501 U.S. 294 (1991); Del Raine v. Williford, 32 F.3d 1024, 1036 (7th Cir.1994). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 114 S.Ct. at 1979.
 
 
 5
 The affidavits submitted by Broadus--his own affidavit as well as four others from various inmates at the MCC--narrated that, although Broadus was not directly sprayed with the gas, he was nonetheless exposed to it, and that this exposure caused him to have difficulty breathing and, eventually, caused him to fall to his knees. As a result of his exposure to the gas, Broadus was taken to the medical center to be examined, and he then was observed in his cell overnight.
 
 
 6
 A prisoner's exposure to tear gas and similar chemical agents can be sufficiently serious to raise Eighth Amendment concerns. Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir.1984), cert. denied, 470 U.S. 1085 (1985). However, it is not clear whether Broadus' affidavits establish a finding of deliberate indifference on the part of the defendants. To this point, the affidavits recite that Hyatte and Anderson sprayed another inmate (Ellis) because of a commotion to which Broadus was an "innocent bystander." Although Broadus was not the intended recipient of the gas, he suffered from exposure to it. Hyatte and Anderson continued the gassing despite their knowledge that Broadus was exposed to the gas and Broadus' continued pleas for them to stop.
 
 
 7
 We have held that the "use of mace, tear gas or other chemical agent of the like nature when reasonably necessary to prevent riots or escape or to subdue recalcitrant prisoners does not constitute cruel and inhumane punishment." Soto, 744 F.2d at 1270. Whether Hyatte and Anderson's continued gassing of Broadus was justified depends on the extent of the gassing and the reason the gas was used. Broadus' affidavits are too vague to establish precisely how long he was exposed to the gas, or to describe otherwise the circumstances surrounding the gassing incident. The defendants' affidavits also fail to provide an adequately detailed description of the gassing of Ellis. Clearly, the district court's grant of summary judgment on this claim was premature. Accordingly, we reverse the district court's entry of summary judgment in favor of the defendants on this claim and remand for further proceedings with the suggestion that this claim might be resolved in a renewed motion for summary judgment.
 
 Excessive Force
 
 8
 In order for an inmate to state a claim under Sec. 1983 for excessive force in violation of the Eighth Amendment, the inmate must demonstrate that the force used was applied " 'maliciously and sadistically to cause harm.' " Thomas v. Stalter, 20 F.3d 298, 301 (7th Cir.1994) (quoting Hudson v. McMillian, 112 S.Ct. 995, 999 (1992)). Not every malevolent touch by a prison guard gives rise to a claim of cruel and unusual punishment. Hudson v. McMillian, 112 S.Ct. 995. In determining whether the force used was "malicious and sadistic," we must consider the need for the application of force, the relationship between the need and the amount of force used, and the extent of any resulting injury. Whitley v. Albers, 475 U.S. 312, 320-21 (1986).
 
 
 9
 The defendants submitted affidavits demonstrating the following. When Broadus was removed for medical evaluation, he was ordered to be cuffed. When he refused, he was secured with mechanical restraints and extracted from his cell. Although Broadus does submit affidavits alleging that he was hit in the face with a riot shield, these affidavits do not contest the defendants' affidavits stating that Broadus refused to be cuffed. Nor do they indicate that Conley's actions were excessive in light of Broadus' resistance. Accordingly, the district court's entry of summary judgment in favor of the defendants on Broadus' claim of excessive force was proper.
 
 Inadequate Medical Treatment
 
 10
 In order for an inmate to state a claim under Sec. 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994). "Mere negligence on the part of a physician in diagnosing or treating a medical condition will not, in and of itself, suffice. Similarly, excusable delay in properly treating an inmate that does not amount to deliberate indifference, does not rise to the level of a cognizable eighth amendment claim." Murphy v. Lane, 833 F.2d 106, 107 (7th Cir.1987) (citing Estelle, 429 U.S. at 106; Shockley v. Jones, 823 F.2d 1068, 1072 (7th Cir.1987)). In addition, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.' " Hudson v. McMillian, 503 U.S. at 9 (citing Estelle, 429 U.S. at 103-104); Brownell v. Figel, 950 F.2d 1285, 1291 (7th Cir.1991). It is undisputed that Broadus was treated subsequent to his exposure to the gas. The defendants' affidavits demonstrated that "Broadus was evaluated by the medical staff, placed in [his cell] and observed throughout the night for any adverse reaction to the chemical agent." Broadus provides no evidence to the contrary.
 
 
 11
 Accordingly, to the extent that the district court entered summary judgment in favor the defendants regarding Broadus' claims for inadequate medical care and excessive force, the district court's judgment is affirmed. However, regarding Broadus' Eighth Amendment claim for exposure to chemical agents, the district court's grant of summary judgment in favor of the defendants is reversed and the case is remanded for further proceedings.
 
 
 12
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The following officials at the MCC were named as defendants: William Hyatte, Custody and Shift Supervisor; Carl Anderson, Correctional Sergeant; and Patrick Conley, Correctional Officer