114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ellis O. PARTEE, Plaintiff-Appellant,
v.
Howard A. PETERS, and Jerome L. Springborn, Defendants-Appellees.
 No. 95-3887.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 22, 1997.*
Decided May 22, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied June 24, 1997.
 
 Before POSNER, Chief Circuit Judge and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Ellis Partee, formerly incarcerated at the Stateville Correctional Center ("Stateville") in Joliet, Illinois,[1] brought a pro se civil rights action arising under 42 U.S.C. § 1983, alleging that he had been deprived of his due process right of access to the courts while imprisoned at Stateville. Defendants Howard Peters and Jerome Springborn brought a motion for summary judgment that the district court granted. Partee appeals and we affirm.
 
 
 2
 On August 19, 1992, Partee filed a complaint against Peters, former Director of the Illinois Department of Corrections ("IDOC"), and Springborn, Assistant Warden at Stateville, complaining that he had been denied his due process right of access to the courts. This alleged deprivation arises out of the appellant's claims that law clerks in the law library were untrained, and that law clerks enjoyed greater library time than inmates under a "clerks only" rule.
 
 
 3
 Partee filed a Motion for Appointment of Counsel, which was denied without prejudice. Partee requested to withdraw the record in this case. The court denied this request because Partee failed to make a specific showing of need. Peters and Springborn moved for summary judgment and included with their motion, pursuant to Northern District of Illinois Local General Rule 12M, a statement of uncontested facts.[2]
 
 
 4
 This Rule 12M statement, with pertinent citations to the record, indicates as follows: prior to January 1993, Partee had filed five civil actions and two habeas corpus petitions. Stateville had, at a minimum, seven inmate law clerks, four inmate reference clerks and two civilian paralegals working in the law library. Partee himself had previously worked in the law library and had been trained as a law clerk. Partee had obtained legal reference books from the law library by requesting law clerks to check them out for him. Although some books were not allowed to be removed from the library, an inmate could read such books in the library. Inmates were allowed to have photocopies of cases and pages of law books. In order to meet court deadlines, Partee was permitted to be in the library during all periods that it was open except when Protective Custody inmates were present. In February 1990, Partee was issued a permit to keep his typewriter in his cell. Stateville provided classes for legal training such as "Legal Collection and Clinic" and "Legal/General Training." Stateville also provided inmates with legal forms to assist them in litigation.
 
 
 5
 Partee failed to submit a statement pursuant to Northern District of Illinois Local General Rule 12N controverting the foregoing Rule 12M statement, and consequently, Peters' and Springborn's statement of facts was deemed admitted.[3] The foregoing facts taken collectively led the district court to conclude that Partee had been afforded meaningful access to the courts, and thus, it granted Peters' and Springborn's motion for summary judgment.
 
 
 6
 We review a grant of summary judgment de novo. Stewart v. McGinnis, 5 F.3d 1031, 1033 (7th Cir.1993). Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 7
 In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court recognized that prisoners have a due process right of "access to the courts." Id. at 821. The Court found that this right of access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. Nonetheless, "Bounds did not create an abstract, free standing right to a law library or legal assistance...." Lewis v. Casey, 116 S.Ct. 2174, 2180 (1996). An inmate alleging a violation of Bounds "must show actual injury," id. at 2179, by "demonstrat[ing] that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. at 2180; see also Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir.1992).
 
 
 8
 Because Partee failed to submit a Rule 12N statement of material facts controverting Peters' and Springborn's Rule 12M statement, we must the review the district court's grant of summary judgment on the basis of the facts as submitted by them. Partee makes no attempt to justify his failure to file a Rule 12N statement, but argues that we ought to test Peters' and Springborn's motion for summary judgment on the basis of his "complaint, affidavits, defendants' answer to plaintiff's complaint, and other documentary evidence on record in this case." Appellant's Br. at 9.
 
 
 9
 "We have consistently and repeatedly required strict compliance with rule 12(N)," Midwest Imports, Ltd. v. Coval, 71 F.3d 1311, 1316 (7th Cir.1995), and do so again. "Rule 12(N) is straightforward and clear.... [It] provides the only acceptable means of disputing the other party's facts and of presenting additional facts to the district court." Id. at 1317. "[I]t is not the parties prerogative to determine when a rule can be satisfied by other than what the rule requires." Id.
 
 
 10
 The uncontested facts before us establish that Partee was neither denied access to the courts nor did he suffer any legal detriment as a result of any inadequacies in library conditions. The law library was well staffed. Partee, who had been trained as an inmate law clerk, was able to obtain anything he needed from the library, and had been granted extended library time to meet court deadlines on several occasions. If we were to look beyond Peters' and Springborn's Rule 12M statement, the record would demonstrate that Partee had more than meaningful access to the courts; he was a "litigating engine[ ]." Lewis, 116 S.Ct. at 1281. Partee admitted by deposition that, prior to 1993, he had filed two habeas corpus petitions and five civil actions, being represented by counsel in two of the foregoing cases and by "jailhouse lawyers" in others.
 
 
 11
 Partee also argues, for the first time on appeal, that it was error for the district court to grant summary judgment without either allowing him to withdraw the record for his own perusal or appointing him counsel. "We have long refused to consider arguments that were not presented to the district court in response to summary judgment motions." Cooper v. Lane, 969 F.2d 368 (7th Cir.1992).
 
 
 12
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Partee is presently residing at the Shawnee Correctional Center in Vienna, Illinois
 
 
 [2]
 Local General Rule 12M provides in pertinent part:
 With each motion for summary judgment filed pursuant to F.R.Civ.P. 56 the moving party shall serve and file ... (3) a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law....
 
 
 [3]
 Local General Rule 12N provides in relevant part:
 Each party opposing a motion filed pursuant to F.R.Civ.P. 56 shall serve and file ... (3) a concise response to the movant's statement.... All material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party.